IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| UNITED STATES,<br>Plaintiff,<br><br>v.<br><br>BRIAN FAIN,<br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION<br>TO CORRECT JUDGMENT<br><br>Case No. 1:22-cr-53-2<br><br>Howard C. Nielson, Jr.<br>United States District Judge |
|---|---|

On November 6, 2025, the Defendant filed a Motion to Correct Judgment under Federal Rule of Civil Procedure 36. *See* Dkt. No. 277. According to the Defendant, the Bureau of Prisons has incorrectly calculated his release date, and a corrected judgment is the easiest way to rectify the miscalculation. *See id.* at 1, 3. In particular, the Defendant argues that, although the court sentenced him to a term of 24-months' imprisonment on June 5, 2025 and indicated that the court anticipated that his sentence would run from his entrance into federal custody on May 28, 2024, the Bureau of Prisons calculated his sentence to run from a later date because it mistakenly thought that the Defendant had been in state custody rather than federal custody for most of the time between May 28, 2024 and June 5, 2025. *See id.* at 1–3. According to Defense counsel, the Bureau of Prisons represented that there is nothing it can do to alter its calculation of the Defendant's release date. *See id.* at 3. The Defendant now asks the court to intervene by amending its judgment to impose a sentence of 12 months from the sentencing date of June 5, 2025 so that his release date is not almost ten months later than originally intended. *See id.* at 3–4.

Federal Rule of Criminal Procedure 36 provides that a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." But as this court has previously explained, "Rule 36 is narrow, applying only to uncontroversial and non-substantive clerical errors of the sort that a clerk might commit, mechanical in nature." *United States v. Martin*, 2023 WL 3551401, at *1 (D. Utah May 18, 2023) (quoting *United States v. Kieffer*, 702 F. App'x 734, 737 (10th Cir. 2017) (cleaned up)), *appeal dismissed*, 2024 WL 4003048 (10th Cir. Aug. 30, 2024). "Changing the length of a sentence"—which is what the Defendant seeks here—"is a substantive modification beyond the reach of Rule 36." *Kieffer*, 702 F. App'x at 738. Indeed, in *United States v. Gardner*, the Tenth Circuit affirmed the denial of a defendant's motion to correct his sentence "to avoid confusion by the computation authorities at the Federal Bureau of Prisons" because "this request was beyond the scope of Rule 36." 601 F. App'x 717, 720–21 (10th Cir. 2015).

Because it sees no relevant difference between this case and *Gardner*, the court denies the Defendant's motion. If the Defendant is correct that the BOP has miscalculated his term of imprisonment, his remedy is a habeas corpus petition under 28 U.S.C. § 2241 challenging the execution of his sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

**IT IS SO ORDERED.**

DATED this 23rd day of December, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge